IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:00CV166
(4:98CR338)

| | |
|---|---|
| GARY LEE PEPPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

Petitioner was charged in a three count bill of indictment with bank robbery and using a firearm during a crime of violence. On January 25, 1999, he entered into a plea agreement with

the Government pursuant to which he agreed to plead guilty to Count One in exchange for the Government's dismissal of the other two counts. **Plea Agreement, filed January 25, 1999, at 1.** In addition, Petitioner waived the right to contest his conviction or sentence by direct appeal or pursuant to 28 U.S.C. § 2255. *Id.*, **at 5.** On February 3, 1999, Petitioner attended a Rule 11 hearing and was advised, among other things, that the maximum possible sentence for Count One was 20 years imprisonment. **Rule 11 Inquiry and Order of Acceptance of Plea, filed February 3, 1999.** As is the custom in this Court, not only did the Petitioner answer each question during the hearing, but he and his attorney signed the Rule 11 Inquiry which was then filed of record. *Id.* In that Inquiry, Petitioner acknowledged that his written plea agreement, which he also signed, contained a provision waiving his right to appeal his conviction or sentence or to contest it in any collateral proceeding, including a § 2255 petition, on any ground other than ineffective assistance of counsel or prosecutorial misconduct. *Id.*, **at 7.** In that Inquiry, Petitioner also acknowledged that his guilty plea was knowing and voluntary, he was entirely satisfied with the services of his attorney, he understood the sentencing guidelines, he had been afforded sufficient time to discuss his case with his attorney whom he had told anything he thought necessary, and he understood and agreed with the terms of his plea agreement. *Id.*, **at 2-8.**

On September 1, 1999, the undersigned sentenced the Petitioner to serve 54 months incarceration. **Judgment of Conviction, filed September 1, 1999.** Petitioner did not file an appeal. He now attacks his conviction and sentence based on sentencing errors.

Based on the Petitioner's plea agreement, his signature on the Rule 11 Inquiry, the advice he received from the Court at the Rule 11 hearing, and his representations in open court during that hearing, the Court finds Petitioner made a knowing and voluntary waiver of the right to

attack his conviction or sentence by a collateral proceeding such as a § 2255 motion. *See, United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994) (ruling by implication that waivers of the right to bring § 2255 motions are valid when the waiver is knowing and voluntary); *accord, United States v. Metzger*, 3 F.3d 756, 757 (4th Cir. 1993); *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994) (concerning an appeal waiver); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("[W]e see no principled means of distinguishing [a § 2255] waiver from the waiver of a right to appeal. As a general matter, therefore ... an informed and voluntary waiver of post-conviction relief is effective to bar such relief."); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *United States v. Klein*, 81 F.3d 152 (table), 1996 WL 156008 (4th Cir. 1996) (noting the waiver of the right to bring a § 2255 motion was not clear in that case and by implication recognizing such waivers as proper); *Palmero v. United States*, 101 F.3d 702 (table), 1996 WL 678222 (6th Cir. 1996). Petitioner has not alleged (nor could he on this record) that his waiver was unknowing and involuntary and thus the motion may be summarily dismissed.

Petitioner has stated in the motion that he received ineffective assistance counsel, but does not state in what manner counsel was ineffective. He claims his sentence was improperly enhanced due to the consideration of the two counts which were dismissed by the Government, in violation of the recent Supreme Court decision in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000). The Supreme Court there held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. Apparently, Petitioner mistakenly believes *Apprendi* applied to his case, and thus, his attorney was ineffective for failing to put the Government to its proof.

Count One, to which Petitioner pled guilty, charged him with bank robbery by force and violence and with the use of a hand gun, in violation of 18 U.S.C. § 2113(a). The maximum sentence for that offense is 20 years imprisonment, or 240 months. Petitioner was sentenced to 54 months as a result of United States Sentencing Guideline calculations. First, his Offense Level was calculated by increasing his base offense level due to the fact that he took money from the bank and used a dangerous weapon. **Presentence Report, at 5.** Thus, the calculation of his Offense Level was not based on the other two counts which were dismissed.[1] When Petitioner's Offense Level was considered in conjunction with his Criminal History, his Guideline range of imprisonment was between 51 and 63 months. Thus, because his sentence was not enhanced beyond the maximum possible punishment of 240 months, *Apprendi* has no impact on his case and his attorney was not ineffective. The Court therefore summarily dismisses this action.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. A Judgment dismissing the petition is filed herewith.

THIS the _____ day of August, 2000.

LACY H. THORNBURG
UNITED STATES DISTRICT COURT JUDGE

---

[1] Count Two charged Petitioner with bank robbery by force and violence during which the lives of tellers were placed in jeopardy, in violation of 18 U.S.C. § 2113(d); Count Three charged him with using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).

United States District Court
for the
Western District of North Carolina
August 4, 2000

jhg

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re: 1:00-cv-00166

True and correct copies of the attached were mailed by the clerk to the following:

    Gary NMN Pepper
    FMC Lexington
    P.O. Box 14509
    Lexington, KY  40512-4509

    Brian L. Whisler, Esq.
    U.S. Attorney's Office
    227 W. Trade St.
    Carillon Bldg., Suite 1700
    Charlotte, NC  28202

cc:
Judge                         (X)
Magistrate Judge              (X)
U.S. Marshal                  ( )
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Court Reporter                ( )
Courtroom Deputy              ( )
Orig-Security                 ( )
Bankruptcy Clerk's Ofc.       ( )
Other_____            ( )

Frank G. Johns, Clerk

Date: Aug 4 2000

By: _____
    Deputy Clerk